IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-118-MEF |
| | ) | |
| TAVORIS LEKEITH PENNINGTON | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:        RUSSELL DURASKI

ASSISTANT U.S. ATTORNEY:    KENT B. BRUNSON

**COUNT AND STATUTES CHARGED:**

Counts One & Two        21 U.S.C. § 841(a)(1)

Count Three            18 U.S.C. § 924(c)(1)(A)

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Counts Two & Three        21 U.S.C. § 841(a)(1) & 18 U.S.C. § 924(c)(1)(A)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count Two            21 U.S.C. § 841(a)(1)
    Sentence of not more than $1,000,000 and a term of imprisonment of not more than 20Y, or both. Special Assessment of $100.00 and a term of supervised release of not more than 3 years.

Count Three            18 U.S.C. 924(c)(1)(A)
    Sentence of not more than $250,000 and a term of imprisonment of not less than 5Y not more than Life or both. Special Assessment of $100.00 and a term of supervised release of not more than 5 years.

**ELEMENTS OF THE OFFENSE:**

Count Two        (21 U.S.C. § 841(a)(1))

    First:        That the defendant knowingly and willfully possessed controlled substances;
    Second:    Defendant possessed with intent to distribute.

Count Three  (18 U.S.C. § 924(c)(10(A))

 First:  Defendant possessed, with intent to distribute, controlled substances;
 Two:  That during and in relation to the commission of that offense the defendant possessed a firearm as charged;
 Third:  Defendant possessed the firearm knowingly.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Kent B. Brunson, Assistant United States Attorney, and Russell Duraski, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(A) & (B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to Counts Two & Three of the indictment, the attorney for the government will do the following:

 a. The government will recommend that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of

whether the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

      b. The Government agrees that should the defendant provide substantial assistance to the Government and law enforcement, the Government will file a motion for downward departure under the provisions of § 5K1.1, <u>United States Sentencing Guidelines</u>, based upon the defendant's substantial assistance to the United States in other cases. The defendant understands that the downward departure motion(s) for substantial assistance is within the sole discretion of the Government.

    2.    The government will recommend a sentence at the low end of the appropriate advisory guideline range.

    3.    The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

    4.    The United States will move to dismiss Count 1 at sentencing.

## DEFENDANT'S PROVISIONS

    5. The defendant agrees to the following:

      a.    To plead guilty to Counts Two & Three of the Indictment.

## FACTUAL BASIS

      b.    The defendant understands the nature of the charge to which the plea is offered involves proof that:

3

## COUNT 2

On or about the 8th day of May, 2006, in Georgiana, Alabama, within the Middle District of Alabama,

TAVORIS LEKEITH PENNINGTON,

defendant herein, did knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

On or about the 8th day of May, 2006, in Georgiana, Alabama, within the Middle District of Alabama,

TAVORIS LEKEITH PENNINGTON,

defendant herein, knowingly used and carried a firearm, during and in relation to and possessed said firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States as charged in Count 2 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK UNDER 18 U.S.C § 2255

c. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, including upward departure(s) and waives the right to attack the conviction and sentence in any post-conviction proceeding. This

waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

The defendant understands that this Plea Agreement does not limit the Government's right and/or duty to appeal the defendant's sentence pursuant to 18 U.S.C. §3742(b), but if the Government appeals the sentence imposed, the defendant may file a cross-appeal of his sentence.

## DEFENDANTS' UNDERSTANDING AND ACKNOWLEDGMENT

6. The defendant, before entering a plea of guilty to Counts Two & Three of the indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $200.00 assessment is to be paid by the defendant on the date of sentencing.

    c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial

of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

 e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

 f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

 g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

 h. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement

made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

  i.  The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

  7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

  This 25th day of September, 2007.

          Respectfully submitted,

         LEURA G. CANARY
         UNITED STATES ATTORNEY

         _____
         Louis V. Franklin, Sr.
         Chief, Criminal Division
         Post Office Box 197
         Montgomery, Alabama 36101
         (334) 223-7280

         _____
         Kent B. Brunson
         Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, RUSSELL DURASKI.

_____
Tavoris Lekeith Pennington
Defendant

_____9/25/07_____
Date

_____
Russell Duraski
Attorney for the Defendant

_____9/25/07_____
Date